STATE OF NORTH CAROLINA v. STEPHEN JAMES DUNN

No. 8118SC555

(Filed 17 November 1981)

1. **Larceny § 7.2— felonious larceny—sufficiency of evidence**

The State's evidence was sufficient for the jury to find that defendant was guilty of felonious larceny in the theft of manhole covers valued in excess of $400.

2. **Criminal Law § 76.5— confession—request for attorney—conflicting evidence —failure to make finding**

Where there was conflicting evidence on voir dire as to whether defendant, after having signed a waiver of rights form, requested an attorney before making an in-custody statement, the trial court erred in concluding that the statement was admissible into evidence without making a specific finding with respect to whether defendant had requested an attorney prior to making the statement.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 18 March 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 10 November 1981.

Defendant was convicted of felonious larceny. Judgment imposing a prison sentence was entered.

Defendant was convicted of the felonious larceny of City of Greensboro manhole covers. His conviction was based, in part, on a statement he gave police officers which was admitted into evidence after the court conducted a *voir dire.* Officer Cobbler testified for the State on *voir dire* that he had read defendant his *Miranda* rights before interrogating him. Defendant stated he had no questions concerning them and signed the rights' form. Defendant also signed a waiver provision which stated he did not want an attorney present at that time. Defendant then gave Officer Cobbler a statement concerning the theft of manhole covers. At no time during the interrogation did defendant request an attorney.

Defendant testified that Officer Cobbler read him his rights before the interrogation. Defendant requested an attorney but was informed he could not obtain one unless he waited for court. If he wanted one at the moment, he would have to pay for the services himself. Defendant was unemployed and could not pay an attorney. It was after this conversation that he signed the waiver and made his statement.

At the conclusion of the evidence on *voir dire*, the court made the following findings of fact:

"That on December 30, 1980, the defendant was taken to the interrogation room in the police department; that at that time the defendant was twenty-one years of age, had completed the twelfth grade in high school, could read and write; that at that time the officer advised the defendant that he had a right to remain silent and anything he said could be used against him; that he had a right to an attorney; that if he could not afford an attorney, one would be appointed to represent him and he could exercise those rights at any time; that the defendant stated he had no questions about it; that he understood what the officer had said; that the officer testified that in the officer's opinion he was not under the influence of intoxicants or drugs; that thereafter the defendant signed a waiver of rights; that the waiver of rights was read to the defendant and in the waiver of rights, the defendant said he did not want an attorney; that a statement was given to the police officer about 6:30 p.m. after the defendant was advised of his Miranda Rights.

Based on the foregoing, the Court concludes that any statement the defendant gave to Officer Cobbler on or about 6:30 p.m. on December 30, 1980, was freely, voluntarily, and understandingly given. . . ."

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Appellate Defender Project for North Carolina, by Marc D. Towler, for defendant appellant.*

VAUGHN, Judge.

[1]  At the outset, we overrule defendant's exception to the denial of his motion for nonsuit based on insufficient evidence to support a charge of felony larceny. There was evidence from which a jury could reasonably infer defendant had stolen manhole covers valued in excess of $400.00.

[2]  Defendant also argues the court committed reversible error by its inadequate findings on *voir dire*. Defendant argues that conflicting evidence was presented on *voir dire* as to whether he

requested an attorney during the interrogation prior to his confession. The judge made no finding addressing the conflicting evidence. Defendant contends that the absence of such a finding nullifies any conclusion by the court that his statement was freely, voluntarily, and understandingly given. We agree.

When the admissibility of an in-custody confession is contested, the court must conduct a *voir dire* to determine whether the procedural safeguards required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966), have been met. *State v. Jenkins*, 292 N.C. 179, 232 S.E. 2d 648 (1977); *State v. Waddell*, 34 N.C. App. 188, 237 S.E. 2d 558 (1977). At the conclusion of the *voir dire*, the judge should make findings of fact to indicate the bases of his ruling. If there is conflicting evidence, however, to a material fact, the judge *must* make specific findings in order to resolve the conflict. *State v. Siler*, 292 N.C. 543, 548-49, 234 S.E. 2d 733, 737 (1977).

Whether defendant requested an attorney before giving his statement is unquestionably a material fact under *Miranda*: if defendant "indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning." 384 U.S. at 444-45, 86 S.Ct. at 1612, 16 L.Ed. 2d at 707. In the present cause, there was conflicting evidence to that issue. The court, however, failed to include any finding of fact as to whether defendant made such a request.

This case is very similar to the situation in *State v. Waddell*, 34 N.C. App. 188, 237 S.E. 2d 558 (1977). The defendant in that action had also signed a waiver of rights form. There was conflicting evidence, however, as to whether after signing the waiver, he had requested an attorney before making his statement. As in the present case, the court found that defendant had been advised of his rights, that he had understood his rights and had signed a waiver form, and that the written waiver of rights stated defendant did not want an attorney and agreed to make a statement. The court's finding, however, omitted any reference as to whether defendant had requested an attorney before making his confession. Emphasizing that the existence or nonexistence of a request was a material consideration, this Court held the failure of the judge to make a finding as to whether defendant requested counsel during interrogation was error entitling defendant to a new trial.

In the present cause, the State argues that the court sufficiently addressed the conflicting evidence by its finding that "the waiver of rights was read to the defendant and in the waiver of rights, the defendant said he did not want an attorney." It cites *State v. Reynolds*, 298 N.C. 380, 259 S.E. 2d 843 (1979), *cert. denied*, 446 U.S. 941, 100 S.Ct. 2164, 64 L.Ed. 2d 795 (1980), as holding that where a mention of counsel appears in the court's findings, there is no error.

The State is mistaken in its analysis of *State v. Reynolds*. The Supreme Court held that *waiver* of counsel, not mention of counsel, is the essential finding which must be made. 298 N.C. at 400, 259 S.E. 2d at 855. In *Reynolds*, the defendant signed a waiver form and then *verbally reiterated* that he did not want an attorney present. Such evidence supported the court's finding that defendant "freely and voluntarily and understandingly *waived his right* to have an attorney present . . . and that he freely and voluntarily gave his statement to the interrogating officer." (Emphasis added.)

In this cause, however, the court's finding is that defendant signed a waiver form. Such a finding is not equivalent to the finding that defendant in fact waived his right to an attorney upon request. We point out that defendant testified he signed the waiver form under the belief that he could not receive legal assistance until he was appointed an attorney in court. The Supreme Court in *State v. Steptoe*, 296 N.C. 711, 717, 252 S.E. 2d 707, 711 (1979), held that such discouragement would not support a finding that "defendant was fully informed of his rights and *knowingly, understandingly, and voluntarily* waived his right to counsel."

We conclude that before the court could admit the present defendant's confession, it was required to make a clear finding that he had waived his right to counsel. Because the court failed to make such a finding in the presence of conflicting evidence, the admissibility of any confession must be determined at a new trial.

New trial.

Judges HILL and WHICHARD concur.